JOHN DROULLARD, plaintiff in error *v.* THOMAS BAXTER, DRURY L. WALLS, JOHN CAIN, SAMUEL ALEXANDER, THOMAS W. BUCKNER, E. L. R. WHEELOCK, MARTIN LADMER, JOHN T. GILMER, SARAH L. WILLIAMS, JOHN RIDDLE, JOHN WOOD, and ROBERT MCQUEEN, defendants in error.

*Error to Adams.*

A complainant has an unquestionable right to amend his bill in equity before answer filed, and in many cases, after, and before replication filed.

The proceedings in this case in the Court below, were had before the Hon. Richard M. Young, at a special term of the Adams Circuit Court, in November, 1834.

A. WILLIAMS and J. W. WHITNEY, for the plaintiff in error.

O. H. BROWNING and C. WALKER, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:(1)

The complainant filed his *bill in equity* to set aside and annul certain conveyances of land alleged to have been obtained through fraudulent representations and combinations of the defendants. On the return of the process of summons, a portion of the defendants being served with process, their appearance was entered, and a motion made by their counsel to dismiss the bill for want of equity. From the order of dismissal, it also appears that a cross motion was interposed by complainant for leave to amend his bill. The Circuit Court refused the leave asked to amend, and dismissed complainant's bill; and this, among other grounds, is assigned for error.

Without meaning to affirm the doctrine laid down in the case of Edwards *v.* Beard(2) decided under the former organization of this Court, that a bill in equity may be properly dismissed on motion, and that the party is not bound to demur to the bill, in

(1) WILSON, Chief Justice, did not sit in this cause.        (2) Breese 41.

order to avail himself of a dismissal; it will be sufficient to con-
sider the single point whether the Circuit Court did not err in
refusing the leave asked to amend the bill.

We understand the rule to be, in pleadings in equity, that
courts give greater latitude and indulgence to the parties than in
courts of law—and that a complainant has a right, considered un-
questionable, to amend his bill before answer filed, and in many
cases after, and before replication filed.   When such amendment
is made, the Court will judge of its relevancy, and if it be imper-
tinent or entirely foreign to the cause, it will be ordered to be
stricken out.   We consider the amendment, not a matter of dis-
cretion in the Court to allow or refuse, and therefore it is good
ground of error, that such refusal was ordered in the present
case.

The judgment of the Circuit Court is reversed with costs, and
the cause remanded for further proceedings.

*Judgment reversed.*